FILED - USDC -NH
2022 MAR 10 AM 11:37
5245  5239 5119

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHRE

Josephine Amatucci

v.

Attorney Daniel Mullen

and Joseph Laplante,  individually

Ransmeier & Spellman                    JURY TRIAL DEMANDED


## JURISDICTION

This new cause of action happened in New Hampshire.  The Complaint that is before the Court is under 42 U.S.C. 1983

## PARTIES

1.      Josephine Amatucci, P.O. Box 272, Wolfeboro Falls, NH 03896

2.      Attorney Daniel J.  Mullen,  INDIVIDUALLY and Ransmeier & Spellman,

OFFICIALLY ...1 Capitol St. Ste 1,  Concord N.H. 03301.

3.      Joseph  Laplante,  sued  INDIVIDUALLY,  55 Pleasant Street,

Room 110,  Concord, N.H. 03301.


## RELEVANT FACTS

4.      This is a consolidation of two cases that are before the Court,  the

Plaintiff was forced to VOLUNTARY DISMISS docket 20-cv-1194 and  this is a new cause

1  A

of action, a way to reopen the case under 1194 and any and all actions by Laplante

and Attorney Mullen which occurred at a hearing for summary judgment in December

2018,   This new cause of action , is filed with a different TITLE other than the TITLE

that Judge McCafferty was placing on this case and in her refusal to to correct the title

of the defendants in the 1194 case,   from her TITLE of Amatucci v. US District

Court-NH, District Judge.....to the Plaintiff's CORRECT TITLE of Amatucci v. Joseph

Laplante, individually.   However, in this new cause of action the the Plaintiff is

consolidating her lawsuit against Attorney Daniel Mullen, with her lawsuit against

Joseph Laplante, and the new TITLE is as above Josephine Amatucci v. Joseph Laplante

and Attorney Daniel Mullen, and Ransmeier & Spellman.

5.        The claims, and allegations in both cases, are identical, and have not changed

in this new cause of action.  Identical with Mullen and Laplante when they both

conspired to deny her arrest for speeding, and when they both conspired to allow

Mullen a summary judgment that was based on ..........FRAUD ON/UPON THE COURT,

occurred at a hearing for cross summary judgments on Decmber 24, 2018 in the U.S. District

Court.

## DAMAGES

6.        In this new cause of action this Court MUST allow her  MANDATORY DAMAGES,
based on the FRAUD ON/UPON THE COURT by Mullen and Laplante.  And that I may say
in a continuous course of action that is occurring in this United States District Court and all
other courts, stated district and superior courts.

(a)    Is....... MANDATED.....to REVERSE and/or DISMISS the unlawful Conviction for the
DISOBEYING A POLICE OFFICER charge, which was unlawfully allowed by the 3rd Circuit District
Court judge Patten, where his rulings were VOID of no legal force, when the            trial
was held beyond the 70-90 days limitation period allowed to hold a trial under the Sixth
Amendment. In violation of the Speedy Trial Clause, not to detain a person longer than the 70-
90 day time limit, in awaiting a trial.  When a trial for the police charges of speeding and
disobeying a police officer was not held until  one year and three weeks after her bine formerlly
charged which was on May 7, 2014, and because a trial was not held until            June 25,

2  ⋏

2015,   the trial was held in violation of the law,  and the Judge had                            NO
JURISDICTION to rule and CONVICT  her for the  disobeying a police charge,  and  therefore
..........IT IS MANDATED ......that this Court reverse and dismiss the CONVICTION. And also
Laplante also lacked JURISDICTION to rule on Mullen's  FRAUDULENT summary judgment which
was based on VOID CHARGES,  that did not exist and therefore there was          no ruling
allowing probable cause for the police charges,  if the charges did not exist.  That the charges
were automatically dismissed,  voided under the Sixth amendment after the alloted 70-90 days
to hold a trial.  THE DISMISSAL AND REVERSAL OF THE CONVICTION IS ...............MANDATORY
UNDER THE LAW.

(b)      It is ........MANDATORY that this Court allow her a jury trial for damages on her claims of
2  Fourth Amendment  violations,   for her unlawful arrest for speeding,  where Speeding is not
a crime in New Hampshire,  and there can be no probable cause to arrest,    and  a claim for her
unlawful  long detention before a trial was held on the  speeding charge,  a violation of the Sixth
Amendment Speedy Trial  Clause,  where under the law the police had to hold a trial no longer
than 70-90 days after formally charging her.   And where she was formally charged and arrested
on May 7, 2014 and  a trial was not held until  one year and 3 weeks after she was formerly
charged which was on June 25, 2015.  That   the trial was held in  violation of the Speedy Trial
Clause,  where the charges were  automatically dismissed,  and are  VOID OF NO LEGAL FORCE.
And where any rulings by the 3rd Circuit    District Court judge Patten   were automatically VOID
OF NO LEGAL FORCE.   It is to be noted that Judge Patten found the Plaintiff NOT GUILTY  at the
trial and ALSO found that  the police pursuit was a set-up and that she was NEVER SPEEDING.
Therefore  it is MANDATORY ....that this Court allow her a jury trial for damages.   For the
violation of her Civil rights under 1983.

(c)      It is ........MANDATORY that this court allow her  damages under a Monell claim,   due
to the fact that the violation of the Plaintiff's  Civil Rights were DIRECTLY CAUSED by  the Town
prosecutor Timothy Morgan,  a policymaking official,   where  the Town is officially liable for
damages under a MONELL CLAIM   See the case of Pembaurer v. City of Cincinnati where the
UNITED STATES SUPREME COURT stated that when a PROSECUTOR  violates a persons Civil
Rights the town is liable for damages;

(d)      And where the charge of disobeying a police officer was DISMISSED and VOIDED under
the Sixth Amendment   this Court is .........MANDATED to contact the Department of Safety to
remove this charge from her CRIMINAL HISTORY RECORD which never should have been put
there in the first place if it wasn't  from the FRAUD ON/UPON THE COURT.

(e)      That this Court VOID the defendants Motion for Summary Judgment.

RELEVANT FACTS

7.      This new cause of action contains the exact litigation that was in the

3   *A*

case 1194 and against Joseph Laplante, along with any filing against Mullen that is filed in the Court, and under docket 934. This new cause of action is based on violations of the judicial canons.

FRAUD IS AND WILL NEVER BE FINAL

8.        There is No immunity, no restrictions, no violation of the statute of limitation under FRAUD, as this case is based on FRAUD ON/UPON the Court by Mullen and Laplante. Where lawyers are prohitbited from submitting false evidence.

9.        The FRAUD occurred when defendant Attorney Mullen submitted a summry judgment at a cross summary judgment hearing, based on charges that he knew or should have known had been VOIDED under the violation of the Sixth Amendment Speedy trial clause, and that the charges HAD NO LEGAL FORCE. And by filing these VOID charges, Mullen committed Theft By Deception under Section 637:4 when he obtained control over the Plaintiff's summary judgment Fourth Amendment unlawful seizure claims with the INTENT to deprive me of damages allowed under 1983, and in a deceptive practice of false unlawful allegations which he knew were false, when he presented police charges and probable cause claims, that he knew were WITHOUT LEGAL FORCE, DID NOT EXIST. And in doing so he injured the Plaintiff. That this Plaintiff states to this Court that this case will never be over until she is allowed damages for Mullen's abuse of process, and under her right under due process to collect damages by a jury under 1983. See Little v. U.S. fidelity & Guaranty Co. 217 Miss. 576, 64 So. Wd 697. That Mullen clearly and convincingly set in motion an unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing Laplante. An independent cause of action contrarary to case 237. Of Obstruction of

4 <em>A</em>

Justice and PERJURY amongst other violation of the Code of Ethics.

10.     This lawsuit replaces cases number 1:20-cv-01194 and 00934, the Plaintiff

has VOLUNTARILY DISMISSED these two cases to this new CONSOLDIATED

cause of action, showing Attorney Daniel Mullen and Mr. Joseph Laplante

as individuals, and Laplante not as a judge, BOTH as defendants in this new cause of

action. This is a PERSONAL INJURY/LEGAL MALPRACTICE LAWSUIT, based on FRAUD,

and an Abuse of Process. Where there is NO STATUTE OF LIMITATIONS FOR FRAUD.

Where FRAUD IS NEVER FINAL. Of an unjustifiable and unreasonable use of legal

proceedings and process to further Mullen's cause of action against the Plaintiff.

A misuse and perversion not justified by legal action. Where there was an ulterior

motive, not proper underlying the use of process, where abuse of process does

not require the proof of malice, lack of probable cause, in procuring issuance of

the process. Does not require termination in her favor, although the Plaintiff was

found NOT GUILTY OF SPEEDING by the district court judge Patten.

11.     This lawsuit is not based on the unlawful summary judgment allowed

to Mullen by Laplante, which was based on charges and probable cause that did not

exist legally, that were VOIDED AND OF NO LEGAL FORCE, due to the violation of the

Sixth Amendment Speedy Trial Clause. Where therefore Laplante had NO JURISDICTION

TO HEAR AND RULE ON THIS SUMMARY JUDGMENT. A PERSONAL INJURY and LEGAL

MALPRACTICE LAWSUIT, involving two private persons, Joseph Laplante and Attorney

Daniel Mullen, as individuals. As Laplante lost all jurisdiction as a judge when he allowed

Mullen his motion for summary judgment that was based on FRAUD. The UNITED STATES

SUPREME COURT in Scheuer v. Rhodes, 416 U.s. 232, 94 S.Ct. 1683, 1687 (1974)

stated that ....."when an act is in violative of the Federal Constitutin, he "comes

5  *A*

into conflict with the superior authority of the Constitution, and he is in that case stripped of his official or representative character and is subjected .....IN HIS PERSON ...to the consequences of his INDIVIDUAL,  INDIVIDUAL,  INDIVIDUAL conduct.  And there is no power to impart on him any IMMUNITY from responsibility to the supreme authority of the UNITED STATES.  By law a federal judge acts as a federal officer,  the judge then acts not as a jude,  but as a PRIVATE INDIVIDUAL (in his person).

12.       Judges have no judicial immunity for aiding,  assisting or conniving with others who perform FRAUDULENT ACTS.  Judicial immunity does not exist for judges who engage in fraudulent activity .  The Illinois Supreme Court held that "if a judge has no jurisdiction,  then he and those who advise and act with im, or execute his prcess, are TRESPASSERS".    Von Kettler v. Johnson,  57 Ill. 109 (1870)

13.       Under Federal Law,  the U.S. Supreme Court stated that if a court is "without authority , its judgments and orders are regarded as nullities.  They are not avoidable but simply void;  and form no bar to a recovery sought,  even prior to a reversal in opposition to them.  They constitute no justification;  and all persons concerned in executing such judgments are considered,  IN LAW, TRESPASSERS."  Elliot V. Piersol, 1 Pet. 328, 340, 26 U.s. 328, 340 (1828).  Whenever a judge acts where he/she is without JURISDICTION,  he has engaged in an act or acts of TREASON.  U.S. v. Will 449 U.s. 200, 216, 101 S.C. 471, 66 L.Ed.2d 392, 406 (1980).

14.       The Illinois Supreme Court held that if a court "could not hear the matter upon the jurisdictional paper presented,  its finding that it had the power can add nothing to its authority, -it had NO AUTHORITY to make that finding. "  The People v. Brewer,  128 Ill. 472, 483 (1928).  In Yates v. Village of Hoffman Estates, Illinois, 209 F. Supp. 757 (N.D. Ill. 1962) held that "not every action by a judge is an exercise of his

6  *A*

judicial function...it is not a judicial function for a judge to commit an intentional

tort even though the tort occurs in the courthouse."

15.         There is NO IMMUNITY for Laplante acting as an individual,  and Mullen

was not in privity with any 'PARTIES"  when Mullen  and Laplante conspired

together to commit "FRAUD UPON/ON THE COURT",  directed to the judicial

machinery itself.

16.          Mullen is NOT IN PRIVITY  with the PARTIES,  as the "PARTIES"

are not included in this lawsuit.  That  this action is about the personal acts of

Mullen and Laplante where the impartial functions of the court were directly

corrupted.   There can be no filing restriction,  and no immunity for Laplante

who was acting under lack of Jurisidiction and therefore his decisions were

made by him  as a private individual,  not as a judge.

17.         This is a new cause of action,  which does  not add any new material

allegations ,   under cases  1:20-cv-00934 and 1:20-cv-01194.  This is a new

lawsuit,   as the 00934 and 01194 cases were dismissed under her VOLUNTARY

DISMISSAL filed with this new cause of action.   Filed to get the titile of

Judge and District Court as dependants off of this or any lawsuit against Judge

Laplante.   So this court cannot allow him any immunity.

18.         This lawsuit does NOT  concern matters arising out of the events between

the ....." PARTIES"..... that occurred on May 7, 2014.  Instead  this new cause of

action,  is a LEGAL MALPRACTICE,  Personal Injury claim,  arising  out of the

FRAUD ON/UPON the Court,  by Mullen and Laplante,  in an  Abuse of Process

which occurred at a hearing for cross summary judgments,  held on September 24,

2018 where the FRAUD of Laplante and Mullen was  directed to the judicial machinery

itself.   When Mullen presented charges to Laplante in his summary judgment that

he and Laplante knew were VOIDED  charges,  that had  NO LEGAL FORCE,  yet Laplante

still allowed Mullen his summary judgment for these voided charges,  and in doing

so Laplante lost all  JURISDICTION in the case.   He acted  without jurisdiction, as a person,

not as a judge,  and in doing so he injured the Plaintiff,  by denying her damages due

her under 1983 for two Fourth Amendment unlawful seizures.

19.         As Mullen and Laplante BOTH had the egregious INTENT to deny the

Plaintiff her summary judgment,  by denying that she was ARRESTED for

speeding,  when they knew she was arrested for speeding,  as Mullen himself

admitted and stated  in his Motion for Summary Judgment which was before Laplante,

for ruling,  when he stated that the Plaintiff was indeed ARRESTED FOR SPEEDING,

besides all the other evidence that she was arrested for speeding that was before

Laplante for ruling.

20.         And in ruling when he had no jurisdiction to do so  Laplante denied the

Plaintiff her damages for two  Fourth Amendment unlawful seizures,  for the unlawful

arrest and detention for speeding,  and for the unlawful long detention before a

trial was held under a violation of the Sixth Amendment,  Speedy Trial clause.   Where

in the case of Zedner  v. United States,  the Supreme Court ruled that criminal defendants be

brought to trial within 70 days of being charged.   No more than nine months is required

for pretrial delay or the delay will be considered prejudicial.   Panzera 139 N.H. at

239, 652, A.2d at 138.   Where Laplante FRAUDULENTLY stated that because she was

never arrested for speeding,  and because the police had PROBABLE CAUSE to ........

STOP,  STOP,  STOP her for speeding......  (not stating the "arrest"  for speeding)

but for the " STOP"  for speeding.  And under probable cause to  STOP her,

Laplante fraudulently stated that she does not have a Fourth Amendment claim
which is only applicable when there was NO PROBABLE CAUSE.

He did not mention the UNLAWFUL ........ARREST FOR SPEEDING. Thus Laplante
committed FRAUD, deceit, dishonesty. In the case of State v. Bain, 145 N.H.
367, 374 (2000) the court stated "we do not consider a pretrial delay of fewer
than six months to be presumptively prejudicial. Rule 60 (b) does not impose
a time limit on motions asserting FRAUD ON THE COURT. There are NO
RESTRICTIONS for FRAUD ON THE COURT. The limitations inherent in the
requirements of Due Process and Equal Protection of the LAW extend to judicial
as well as political branches of the government. "So that a judgment may NOT
be rendered in violations of those constitutional limitations and guarantees".
Hanson v. Dencka, 357 US 235, 1 L Ed 2d 1283, 78 S Ct. 1228. "it is a fundamental
doctrine of LAW that a party affected by a PERSONAL JUDGMENT must have his
day in court and an opportunity to be heard." Renaud v. Abbott, 116 US 277 29
L.Ed 629, 6 5 1194.

21.        There was NO PROBABLE CAUSE to arrest and detain the Plaintiff for
one year and 3 weeks before a trial was held, for a speeding and disobeying
a police officer charge. As she was intitially detained on May 7, 2014 and a trial
wasn't held until June 25, 2015.

22.        Therefore under the Sixth Amendment the 3rd circuit judge Patten
lacked ALL JURISIDICTION to hold a trial, on the charges and therefore all of his
rulings during this unlawful trial are VOID OF NO LEGAL FORCE. And therefore
Mullen's summary judgment based on probable cause allowed by Judge patten
on the police charges, was void of no legal force. And Laplante had no jurisdiction

9  *A*

to allow these probable cause, and deny the Plaintiff her damages for the
unlawful arrest for speeding and the violation in the long detention before a trial
was held for the charges.

23.        Therefore when Mullen presented these VOIDED CHARGES in his motion
for summary judgment, and they were allowed, both Mullen and Laplante
were warring against the Constitution, in an Abuse of Process, where the court or
a member corrupted or influenced or influence is attempted where the judge has not
performed his judicial function.....thus where the impartial functions of the court have
been directly CORRUPTED. Where this "FRAUD UPON/ON THE COURT" never becomes
final, until the Plaintiff is alloted her damages causes by this Fraud.   See the case of
Bulloch v. United States 763 F. 2d 1115, 1121 (10th Cir. 1985) where the court stated that
"Fraud upon the court" is fraud which is directed to the judicial machinery itself.

### Abuse of Process

24.        See the case of Bone v. Barnard, 2008 Ark. App. LEXIS 569 (Ark. Ct. App. Sept 10,
2008.   Stating In order to prove the tort of abuse of process, the Appellant has to establish
the following elements. (1) a legal procedure set in motion in proper form, even with
probable cause, and ultimate success; (2) the procedure is perverted to accomplish an
ulterior purpose for which it was not designed; and (3) a willful act is perpetrated in the
use of process which is not proper in the regular conduct of the proceeding.   S. Ark. Petrol.
Co. v. Schiesser, 343 Ark. 492, 36 S. W. 3d 317 (2001). This court has stated that the test of
abuse of process is whether a judicial process is used to extort or coerce.   Routh Wrecker
Serv., Inc. v. Washington, 335 Ark. 232, 980 S.W. 2d 240 (1998).   An improper use of
process in order to accomplish a purpose for which the process was not designed.

25.        This case is not asking the Court to void the unlawful summary judgment, it is

10  A

about the impartial functions of the court that have been directly corrupted by Laplante and Mullen.   Which caused the Plaintiff her injuries.

26.      All the evidence for  this lawsuit is already before the court as the Plaintiff previously  filed all evidence in her  previous filings regarding the hearing for summary judgment,  besides a copy of the transcript.   The Plaintiff filed numerous evidence that she was indeed arrested for speeding,  filed Mullen's  motion for summary judgment showing he admitted the Plaintiff was arrested for speeding.   And if the court needs more or further evidence please let the Plaintiff know and she will submit such.

27.      In an attorney malpractice case,  the attorney must pay monetary damages to the Plaintiff Josephine Amatucci,  besides that she must be able to go before a jury for her unlawful seizures.   That Mullen failed to comply with the rules of conduct adopted by the court to which an attorney has been admitted to practice.   In the rule of Professional Cnduct.   This depends on the very very seriousness of Mullen's violation,  where a large amount of money is involved and that has been stolen from the Plaintiff by his INTENTIONAL ACTIONS.   Especially that of an elderly person.   In Laplante's absence of  complete jurisdiction,  there is no discretion, and absolute judicial immunity is missing.   Stump v. Sparkman 435 U.S. 349. That when he acted wrongly,  although in good faith,  is nevertheless liable in a civil action and cannot claim the immunity of the sovereign. Cooper v. O'Conner, 99 F.2d 133.   He will be held civilly liabile for abuse of process when he had no jurisdiction.   Little v. U.S. Fidelity & Guaranty co. 217 Miss. 576, 64 So.2d 697. That a law repugnant to the Constitution is VOID.   Marbury v. Madison, 1 Cranch 137 (1803).   Fraud Upon/On  the court does NOT support or uphold the Judicial Machinery of the Court.   The Court is an unbiased,  but methodical "creature"

11  *A*

which is GOVERNED BY THE RULE OF LAW,  that is the Rules of Civil Procedure,  the

Rules of Criminal Procedure and the Rules of Evidence,  all which:

"is overseen by CONSTITUTIONAL LAW"

That every case which has had FRAUD involved can be re-opened AT ANY TIME,

because there is no statutes of limitations on FRAUD.  A judge is not the Court

People v. Zajic, 88 Ill. App.3d 477, 410 N.E. 2d 626 (1980).  When a judge knows that

he lacks jurisdictin,  or acts in the face of clearly valid Constitutional rights,  expressly

depriving him of jurisdiction,  judicial immunity is lost.  Rankin v. Howard,  Davis v.

Burris 51 Ariz. 220, 75 P.2d 689 (1938).

28.        That there is NO WAY,  NO WAY,  NO WAY  THAT THIS COURT IS GOING TO DENY
THIS LAWSUIT.   THERE IS NO WAY THAT THIS COURT CAN DENY THAT I WAS ARRESTED FOR
SPEEDING,  OR DENY MY SIXTH AMENDMENT CLAIM,  WITH ALL THE EVIDENCE BEFORE THEM.
THERE IS NO WAY THAT THIS CASE IS NOT GOING TO TRIAL IMMEDIATELY,  IMMEDIATELY AS IT
HAS BEEN SIX LONG YEARS THAT I HAVE BEEN WAITING FOR JUSTICE.   THE CASE IS SETTLED
FINALLY WITH THIS  EXPOSURE OF FRAUD AND DECEIT AND PERJURY OF  MULLEN AND
LAPLANTE.  I WILL NOT BE ABUSED FURTHER FOR ANY REASON BY THE UNITED STATE COURT
JUDGES,  THERE WILL BE NO NEED FOR A SUMMARY JUDGMENT,  THE ONLY NEXT STEP IS A
JURY TRIAL FOR DAMAGES,  AND FOR THE COURT TO DETERMINE HOW MULLEN AND
LAPLANTE ARE GOING TO PAY ME FOR THE PAIN AND SUFFERING THEY HAVE MADE ME
ENDURE,  TROUGH THEIR FRAUD AND PERJURY AND OTHER CRIMINAL ACTS.

29.        That therefore it is the duty of this Court to:

(a)        Allow the Plaintiff her damages in the amount of $500,000.00 for the 2 Fourth
Amendment unlawful seizures,  in any procedure chosen by the court,  and to take into
consideration that  the unlawful arrest for speeding was only a culmination of other unlawful
seizures,  assaults,  beginning in the police station with Chase, when he assaulted me and
pushed me outside the door for complaining about police misconduct of one of his men,  then
in the town hall when the Acting Town Manager put the Plaintiff in a room (incarcerated her )
in retaliation for her complaining about Chase,  calling the Sheriff to stop her car before she
reached the Sheriff's  office,  having her unlawfully accused of speeding when she was never
speeding,  as confirmed by the trial court judge Patten,  then the defamation when the town to
cover the crimes of the police and the Acting Town Manager,  the town placed an article in the
local newspaper accusing her of causing a disturbance in the town hall and placing a NO
TRESPASS ORDER on her denying her the right to ever enter the town hall andthe police

department.,   All these actions when explained of the occurrence of what occurred on May 7th to a jury will justifiy her damage amount of $500.000.00 which may include any triple damage, and considering the Plaintiff is 82 years old.

FRAUD FRAUD FRAUD ......IS NEVER FINAL.....UNTIL JUSTICE IS DONE

(b)        And that this Court  has a responsibility to correct a Void judgment,  to reverse and void the unlawful Conviction for disobeying a police officer placed by Judge Patten,  when Patten had no jurisdiction to rule on the charges,  when the disobeying a police officer charge at that time had lapsed,  and were  VOID OF NO LEGAL FORCE,  did not exist under the Sixth Amendment Speedy Trial Act;

(c)        And that this Court reverse the summary judgment unlawfully allowed by Laplante as an individual,  not as a judge, when he had no jurisdiction to allow charges that were VOID OF NO LEGAL FORCE,  where therefore there was NO PROBABLE CAUSE for Laplante to allow Mullen's  summary judgment which caused injury to the Plaintiff in her right to damages.

(d)        Pain and suffering beyond belief for an elderly person.  All Compensatory damages including Punitive damages in the sufficient evidence of malice,  willful and wonton conduct exhibited in filing and allowing  a summary juydgment based on fraud.   Using the legal process to HARM the Plaintiff and she was HARMED.  Kappell v. Bartless (1988) 200 Calif. Apr. 3d 1457.

(e)        Liability of the town when the PROSECUTOR TIMOTHY MORGAN himself was the DIRECT CAUSE of the vioaltion of her civil rights when he unconstitutionally charged her for the arrest of speeding,  and unconstitutionally detained her for more than 90 days before a trial was held.  Which under Monell,  and under the case of Pembaur v. City of Cincinnati the UNITED STATES DISTRICT COURT,  authorized liability to the town,  even for a single decision,  by a PROSECUTOR,   stating  that the prosecutor is a final policymaking official.

 (f)        Other evidence of the corruption that goes on in the courts by the judges,  please see an ORDER filed by Judge Amy Ignatius who by he way unlawfully accused me of being a frivolous litigator,  for the town, here is attached,  her ORDER dated 10/4/2016,  where I asked her for a jury trial on the unlawful ...........CONVICTION........... of the trial court judge Patten, and she said I was BARRED from  a jury trial from the incident that occurred in JUNE 2014. Helloooo I was initially charged for speeding and disobeying a police officer on May 7, 2014, but the CONVICTION occurred in JUNE........2015.  FRAUD ON THE COURT.  Here the judge knows the CONVICTION was a violation of the Sixth amendment,  and was AUTOMATICALLY VOID by the Constitution,  and a jury trial would allow her damages,  for the long delay before a trial was held,  and she knew that Judge patten ......HAD NO JURISDCITION to Convict her on charges that were automatically DISMISSED, AND VOID OF NO LEGAL FORCE,   yet BOTH, BOTH, Judge Patten and Judge Ignatius allowed the unlawful CONVICTION placed on me,  and BARRED ME FROM A JURY TRIAL,  which was a violation of my Civil rights,  for the unlawful

CONVICTION, which was a claim for an unlawful seizure under the VOID ruling of Judge patten who Judge Ignatius KNEW KNEW KNEW had no legal righ to rule on charges that didn't exist. Which is happening happening happening every day in the United States District court by judges. Refusing to allow victims of police abuse their rights.

(g)        And Joseph Laplante makes number 3 judges who have committed FRAUD, and in the other case before this United States District Court Judge McCafferty is also committing FRAUD when she is refusing to allow me a jury trial also, by refusing to allow me a hearing on my Summary Judgment Motion, giving the Motion to the Magistrate to dump it, instead of allowing a summary judgment which is MANDATED AS RULED BY THE UNITED STATES SUPREME COURT, she gave the summary judgment to the Magistrate in response to the defendants motion asking the Court to sua sponte throw the summary judgment under a bus,

30.        Attached is evidence beyond ANY ANY REASONABLE DOUBT that the Plaintiff

was indeed ARRESTED FOR SPEEDING. BEYOND ANY REASONABLE DOUBT OF FRAUD,

where the New Hampshire Supreme Court under Fraudulent Concealment, stated:

        "Actionable fraud includes an untrue statement of fact, known to be utrue by he party making it, which is made with the "intent" to deceive or recklessly made with   disregard to the truth, where another party justifiably relies on the statement and acts           to his or her injury and damges."

31.        Hellooo..... does anyone want evidence that the Town made a policy

statement, ordinance or regulation officially adopted and promulgated by the Town

that INTERFERED WITH MS. AMATUCCI'S CONSTITUTIONAL RIGHTS, when they refuse

to investigate her complaints. Read the email attached sent on December 15, 2020 from

Steve Wood, police commissioners to town Manager's Executive Assistant to the Town

Manager, Amy Capone-Muccio, SOLID EVIDENCE of a policy not to investigate police

misconduct.

32.        As stated in this e-mail Ms. Muccio is also looking for any file on the event

that occurred at the Dump, where the Commission states they have nothing on file

regarding this event, and also stated that Police Chief  Rondeau told them that the police

deplartment has  nothing on the event at the dump. They do have interview statement

that the police department made at every single employee at the dump.  And would anyone believe that Rondeau never advised the Commissioners that there is a lawsuit against him regarding the event at the dump,   accusing RONDEAU of being involved in my unlawful arrest,  for an Assault with bodily injury that RONDEAU knew never occurred. So how is Rondeau going to be investigated if the police commissioners are not aware of his criminal activities.

33.      It was Rondeau who asked the Belnap Sherfff's  Dept. to investigate an incident that occurred at the dump (which is before this Court),    yet Rondeau made it clear to the Sheriff's  Department that his prosecutor Timothy Morgan would do the prosecution.   However,   when Rondeau saw evidence in the invesigation that there was NO INJURY to the alleged victim,   Robert Maloney,  he asked the Sheriff's  Dept to do the prosecution,  for an alleged ASSAULT WITH BODILY INJURY,  when Rondeau knew there was NO ASSAULT,  NO BODILY INJURY. And where he was going to do the prosecution,  you can be sure that there was plenty on file in the police station regarding this event.   And that he was still involved in the case as his prosecutor Timothy Morgan attended the trial,  to make sure I was CONVICTED.

34.      Would anyone believe that  the police department did not advise the Commissioners about this  lawsuit against Rondeau regarding the Dump event. And that there was no  file in the police station on the event.

35.       Here we have solid proof of  a de-facto policy in the town of Wolfeboro, of the the existence of a Town policy,   where  the police department and commissioners and the Town acting in concert pursuant of a "policy"  of refusing to investigate police misconduct.

Respectfully,

Josephine Amatucci

December 30, 2020

c.  Attorney Mullen

16



WolFeBoro FAlls, N.H. 0381

United States District Court
District of New Hampshire
Office of The Clerk
55 Pleasant St.
Room 110
Concord, N.H. 03301